GEORGE GUNDRUM, PROSECUTOR, v. CITY OF SOUTH AMBOY ET AL., DEFENDANTS.

Submitted July 2, 1914—Decided November 18, 1914.

1. Courts will take judicial notice of the census taken under state authority and of the population of cities as determined by it.
2. By virtue of the act of April 8th, 1913 (*Pamph. L., p.* 574), a license to sell intoxicating liquors in quantities less than one quart, granted by the city council of South Amboy, is void and will be set aside, if, when granted, the ratio of population of the city to the number of licenses issued was not greater than five hundred to one, unless the licensed place was either—(*a*) one in which the business of selling such liquors was lawfully carried on at some time within one year immediately preceding the passage of the act, or (*b*) a hotel having fifty spare rooms and beds, or (*c*) a picnic or recreation ground of one acre, or (*d*) a building entirely occupied by a regularly organized club or association, or (*e*) was granted pursuant to the statutory notice of abandonment of old place and intention to carry on such business in the place in question.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutor, *John A. Coan.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up for review the action of the city council of South Amboy in granting a license to Sigvard R. Emiliussen to keep a saloon in South Amboy.

The cause was submitted on such briefs as should be filed within the time prescribed by our rules. The defendants filed no briefs.

From the record it appears that, for many years, Emiliussen had been the proprietor of a saloon for the sale of intoxicating liquors in quantities less than one quart, situate on the southerly side of Henry street, about one hundred feet easterly from the intersection of the easterly side of Broadway with the southerly side of Henry street. His license expired April 5th, 1914. He presented to the city council, at their meeting on April 14th, 1914, an application, not for a renewal of his license at the old stand, but for a license at another building situate on the westerly side of Broadway about fifty feet southerly from the southerly line of Henry street. The building described in his application, and for which he sought the license, had never been used for the sale of intoxicating liquors.

The prosecutor, the side of whose residence abuts the rear of the premises mentioned in the 1914 application, caused a remonstrance against the granting of such license, to be filed with the city council, and had his attorney make public objection to the council at the meeting on April 14th, 1914, at which the matter was considered, upon the ground, among others, that council had no power to grant such license, under the circumstances existing, by reason of the provisions of the act of April 8th, 1913. *Pamph. L., p.* 574.

Notwithstanding such objection, council granted such license, and we are now called upon to consider the validity of such action.

We are of the opinion that such action cannot be sustained.

The act of April 8th, 1913 (*Pamph. L., p.* 574), provides, among other things, as follows:

"Hereafter no license to keep an inn or tavern or to sell spirituous, vinous, malt or brewed liquors in quantities less

than one quart, in any city, town, township, borough or village, shall be granted by any court, excise board or other board or authority having power by law to grant license, unless or until the ratio of population therein to the number of licenses issued shall be greater than five hundred to one, and then only pursuant to the provisions of this act; but this prohibition shall not apply to any premises in which the business of so selling said liquors was lawfully carried on at some time within one year immediately preceding the passage of this act, provided such business was not abandoned thereat during the said period, or to a hotel having at least fifty spare rooms and beds for the accommodation of boarders, transient and travelers, or to a picnic or recreation ground comprising at least one acre, or to a building entirely occupied by a regularly-organized club or association," &c.

The same statute also provides that during the unexpired term of any license a notice stating that such business is abandoned at the premises named in such license and describing some other premises in which it is intended to carry on such business, may be filed with the clerk of the licensing body, and then (if certain other conditions are complied with) the prohibition of the act shall not apply to the premises described in such notice as the premises in which it is intended to carry on such business.

Now, the depositions show that, when the license in question was granted, the city of South Amboy had, exclusive of the one in question, thirty places licensed for the sale of spirituous, vinous, malt or brewed liquors in quantities less than one quart. From the depositions it also appears that the population of the city then was seven thousand and seven. Moreover, this court will take judicial notice of the census taken under state authority and of the population of cities as determined by it. *Patterson* v. *Close,* 84 *N. J. L.* 319. The last state census fixes the population of South Amboy at seven thousand and seven. See Fitzgerald's Legislative Manual.

Since, therefore, the ratio of population to the number of licensed places was not greater than five hundred to one, the

license was prohibited by the statute unless it is within some one of the provisos or exceptions contained therein.

The proofs show that it cannot be thus justified.

The licensed place is not one in which the business of selling liquors was lawfully carried on at some time within one year immediately preceding the passage of the act. It is not a hotel having fifty spare rooms and beds. It is not a picnic or recreation ground of one acre. It is not a building entirely occupied by a regularly-organized club or association. Neither can the license be justified under the provisions of the act that when written notice of abandonment has been given, the prohibition of the act shall not apply to the premises described in the notice as the premises in which it is intended to carry on such business. It cannot be so justified because no such notice was given.

The grant of the license, being in violation of the statute, was void, and will be set aside, with costs.